**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

      Plaintiff

v.

Corbin Reynolds,

      Defendant

Case No.: 2:16-cr-00296-JAD-PAL-3

**Order Denying Defendant's Motion to Vacate Conviction**

[ECF No. 271]

      Corbin Reynolds was sentenced to 77 months in federal prison followed by 4 years of supervised release after he pleaded guilty to charges of being a felon in possession of a firearm (count 10) and possession with the intent to distribute a controlled substance and aiding and abetting (count 8).[1]  Reynolds moves under 28 U.S.C. § 2255 to vacate his felon-in-possession conviction based on the United States Supreme Court's recent recognition in *Rehaif v. United States*[2] of a mens rea element not contemplated during his prosecution.  I deny Reynolds's motion because his claims are procedurally defaulted and he has not established a basis to excuse that default.

**Background**

      Reynolds's second felony conviction for being a felon in possession of a firearm[3] stems from a warranted search of an apartment where officers saw Reynolds exiting the bathroom wearing a leather gun holster.[4]  Reynolds admitted that a magazine containing 9 mm bullets fell out of his pants pocket, and the officers recovered a 9 mm Glock handgun from the bathroom

---

[1] ECF Nos. 240 (minutes of sentencing proceeding); 241 (judgment of conviction).

[2] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[3] ECF No. 241; *see also* ECF No. 109 (superseding indictment).

[4] ECF No. 224 at 4 (plea agreement).

vanity.[5]  He further admitted that "he was in actual possession of the firearm, and that at the time he possessed the firearm he had been convicted of a felony offense, that is a crime punishable by more than 1 year in prison[, and that this firearm] traveled in, or affected interstate commerce."[6] Reynolds did not appeal, so his judgment of conviction became final on August 30, 2018.  But now he challenges that sentence based on the indictment's failure to charge—and the government's failure to prove—that he "knew he had a prohibitive status at the time of possession."[7]  He claims that this infirmity infected "every stage of [his] case . . . with constitutional errors" and requires the court to "[vacate his] conviction, dismiss the indictment, nullify his guilty plea, and resentence [him]."[8]

## Discussion

**I.      Reynolds's habeas petition is only timely if *Rehaif* applies retroactively.**

Reynolds contends that *Rehaif* applies retroactively and his challenge is therefore timely under § 2255(f)(3)[9] because he filed it within the year that *Rehaif* issued.[10]  Though the government appears to concede this point,[11] courts outside this circuit suggest that *Rehaif* did not announce a new rule but rather was a matter of statutory interpretation and is therefore a

---

[5] *Id.*

[6] *Id.* at 5.

[7] ECF No. 271 at 7.

[8] *Id.*

[9] *See* 28 U.S.C. § 2255(f)(3) (applying a one-year limitations period to habeas petitions based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

[10] ECF No. 271 at 8 (citing § 2255(f)(3)).

[11] ECF No. 277 at 6–7.

prospective ruling.[12]  The Ninth Circuit has yet to opine on the issue, and I decline to do so now because, assuming without deciding that Reynolds's motion is timely, I would deny it for the reasons explained below.

## II.   *Rehaif*'s additional mens rea element for § 922(g) crimes doesn't require the government to prove that the defendant knew he was prohibited from possessing the gun at the time of the possession.

In *Rehaif*, a defendant successfully challenged his conviction for possessing a firearm as an alien unlawfully in the United States in violation of 18 U.S.C. § 922(g).[13]  Overturning a broad consensus among the circuit courts, the Supreme Court held that, in order to establish a violation of § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[14]  For Reynolds, that category is the class of persons convicted of a crime punishable by imprisonment for a term exceeding one year—in other words, convicted felons.[15]

Reynolds leverages *Rehaif* to seek vacatur because his superseding indictment failed to allege that he "knew he had a prohibitive status at the time of possession."[16]  While it is true that count ten of the indictment in this case charged Reynolds only with "having been convicted of a crime punishable by imprisonment for a term exceeding one year" and "knowingly possess[ing]

---

[12] *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("His claim relies solely on *Rehaif*, which did not announce a 'new rule of constitutional law. . .'"); *In re Sampson*, 954 F.3d 159, 161 n.3 (3d Cir. 2020) ("[E]ven if *Rehaif* had set forth a new rule of constitutional law, it would need to be made retroactive to cases on collateral review by the Supreme Court . . . .  But, as we have indicated, the Supreme Court did not announce any rule of constitutional law at all.") (internal citation omitted).

[13] *Rehaif*, 139 S. Ct. at 2194–95.

[14] *Id.* at 2200.

[15] *See* ECF No. 109 at 5 (superseding indictment charging 18 U.S.C. § 922(g)(1) violation).

[16] ECF No. 271 at 7.

a firearm,"[17] *Rehaif*'s new mens rea requirement does not stretch as broadly as Reynolds claims. The *Rehaif* court discussed the "well-known maxim that 'ignorance of the law' . . . is no excuse"[18] and determined that Rehaif's knowledge of his immigration status was a collateral matter not subject to the maxim because an alien who lacked knowledge that he was present in the United States unlawfully could therefore lack "the guilty state of mind that the statute's language and purposes require."[19]  But missing from that discussion was any notion that, in felon-in-possession cases, the government is also required to prove that the defendant knew he was prohibited from possessing a firearm, which goes to the heart of the "ignorance of the law" maxim.  In fact, the Sixth Circuit has already rejected Reynolds's reading of *Rehaif* on this basis.[20]  So, applied to the facts of this case, *Rehaif* requires only that Reynolds knew his felon status—that he had been convicted of a crime punishable by imprisonment for a term of more than one year when he knowingly possessed the subject firearm.

### III.   Reynolds waived his right to attack the indictment after pleading guilty to the offense.

The government contends that, by pleading guilty, Reynolds waived his ability to challenge the indictment under the Supreme Court's decision in *Tollett v. Henderson*.[21]  *Tollett* holds that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact

---

[17] ECF No. 19 at 5.

[18] *Rehaif,* 139 S. Ct. at 2198 (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)).

[19] *Id.*

[20] *United States v. Bowens*, 938 F.3d 790, 797–98 (6th Cir. 2019), *cert. denied sub nom. Hope v. United States*, 140 S. Ct. 814, 205 (2020), and *cert. denied*, 2020 WL 1496666 (U.S. Mar. 30, 2020) ("The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse.").

[21] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

1  guilty of the offense with which he is charged, he may not thereafter raise independent claims

2  relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty

3  plea."[22]  In short, after pleading guilty, a defendant can challenge only the knowing and

4  voluntary nature of his plea.[23]  The Supreme Court has recognized exceptions to this rule for

5  jurisdictional defects for "claims in which, judged on the face of the indictment and record, the

6  charge in question is one [that] the state may not constitutionally prosecute."[24]  And the Ninth

7  Circuit has specifically recognized an exception for cases in which "the indictment failed to state

8  a valid claim."[25]

9       Reynolds doesn't challenge the knowing and voluntary nature of his plea on any grounds

10  other than the missing element in his indictment.  Even if I determined that the indictment failed

11  for that reason, the Supreme Court has upheld the *Tollett* bar in cases that could've been cured

12  with a new indictment.[26]  The *Rehaif* issue is of the type that could have been cured with a new

13  indictment, so it is not among the types of cases that are immune from the *Tollett* bar.  And

14  courts in other circuits suggest that such *Rehaif* challenges are also barred under *Tollett*—either

15  for failing to object to the validity of the plea itself or failing to move to withdraw it.[27]  But even

16  ────────────

17  [22] *Id.*

    [23] *Id.*

18  [24] *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999).

19  [25] *Id.*

20  [26] *Class v. United States*, 138 S. Ct. 798, 805 (2018).

21  [27] *United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) (providing that the defendant
    had waived his post-plea habeas petition based on the missing scienter element); *United States v.
    Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020) ("To the extent Lavalais argues [that] his indictment
22  is fatally defective because it did not contain an element of the offense under § 922(g), he failed
    to preserve that claim by pleading guilty.").

23

1    if I assume that Reynolds didn't waive his challenge, he is still not entitled to relief because he

2    procedurally defaulted his claims and can't show that he was prejudiced, as I explain below.

3

**IV.**    **The convicting court had subject-matter jurisdiction despite the indictment's**

4        **missing element.**

5       Reynolds argues that this convicting court lacked subject-matter jurisdiction because the

6    indictment failed to make out a federal offense, thereby violating his Fifth and Sixth Amendment

7    rights—a defect, he argues, that constitutes structural error, excuses him from having to show

8    prejudice, and requires me to vacate his conviction.[28]  The government responds that, under the

9    Supreme Court's decision in *United States v. Cotton*,[29] the indictment's omission of the mens rea

10   element recognized in *Rehaif* does not strip the court of jurisdiction.[30]  Reynolds replies that

11   *Cotton* doesn't categorically bar a jurisdictional challenge to a defective indictment, particularly

12   when the defendant doesn't know "all the essential elements of his charged offense before the

13   adjudication of guilt."[31]

14       In *Cotton,* the indictment did not specify drug quantities necessary to support an

15   enhanced sentence under 21 U.S.C. § 841(b).  The Supreme Court overturned the Fourth

16   Circuit's decision that the "jurisdictional defect" required vacating the defendants' convictions,

17   reasoning that "defects in an indictment do not deprive a court of its power to adjudicate a

18   case."[32]  The *Cotton* Court favorably quoted an earlier decision in which it rejected a

19   jurisdictional challenge to an indictment that did "not charge a crime against the United

20

21   [28] ECF No. 271 at 11–13.

    [29] *United States v. Cotton*, 535 U.S. 625 (2002).

22   [30] ECF No. 277 at 9–12.

23   [31] ECF No. 280 at 15–16.

    [32] *Cotton*, 535 U.S. at 630.

1  States."[33]  And the Ninth Circuit reaffirmed that rule months later in *United States v. Velasco-*

2  *Medina.*[34]

3       The superseding indictment against Reynolds alleged that he knowingly possessed a

4  firearm, but it failed to allege that he knew he had been convicted of a crime punishable by a

5  term of imprisonment of more than one year at the time.[35]  Under both *Cotton* and *Velasco-*

6  *Medina,* however, Reynolds's objection that the indictment does not charge a federal offense

7  "goes only to the merits of the case."[36]  Reynolds distinguishes the facts of *Cotton* and instead

8  relies on two Ninth Circuit decisions that pre-date *Cotton*.[37]  But *Cotton*'s broad language and

9  the Ninth Circuit's later recognition in *Velasco-Medina* that *Cotton* forecloses a challenge to an

10  indictment with a missing element suggests that Reynolds's pre-*Cotton* decisions have been

11  overruled.[38]  And in *Rehaif* itself, the High Court remanded with instructions to conduct

12  harmless-error review rather than dismiss the indictment, suggesting that the error it identified

13  was not jurisdictional.[39]

14

15  _____

[33] *Id.* at 631 (quoting *Lamar v. United States*, 240 U.S. 60, 64 (1916)).

16

[34] *United States v. Velasco-Medina*, 305 F.3d 839, 846 (9th Cir. 2002), *overruled on other*

17  *grounds as recognized in United States v. Aguila-Montes de Oca*, 655 F.3d 915, 923 (9th Cir. 2011).

18  [35] ECF No. 109 at 5.

19  [36] *Cotton*, 535 U.S. at 631 (quoting *Lamar*, 240 U.S. at 65); *see Velasco-Medina*, 305 F.3d at 846 (disposing of the lack-of-subject-matter-jurisdiction issue under *Cotton* and discussing whether the indictment was sufficient as a matter of law).

20

21  [37] ECF No. 280 at 17–19 (citing *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992), and *United States v. Ruelas*, 106 F.3d 1416, 1418 (9th Cir. 1996)).

22  [38] *See Cotton,* 535 U.S. at 630–31; *Velasco-Medina*, 305 F.3d at 845–46 (explain that the jurisdictional challenge that an indictment "failed to charge [defendant] with an offense against the United States . . . is untenable in light of the Supreme Court's recent decision in [*Cotton*]").

23  [39] *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019) (rejecting argument that failure to allege *Rehaif* mens rea element stripped district court of jurisdiction) (citing *Rehaif*, 139 S. Ct. at 2200).

**V.     Reynolds's claims are procedurally defaulted.**

Finally, Reynolds's motion fails because the claims he now raises are procedurally defaulted and he cannot make the showing necessary to pursue them.  Although a federal prisoner may attack the legality of his conviction or sentence under 28 U.S.C. § 2255,[40] a defendant who fails to raise a claim on direct review is deemed to have procedurally defaulted it and may only raise it in habeas if he can demonstrate cause and actual prejudice or that he is actually innocent.[41]  "[A] defendant has cause for his failure to raise the claim in accordance with applicable state procedures" when the "constitutional claim is so novel that its legal basis is not reasonably available to counsel."[42]  Actual prejudice "requires the petitioner to establish 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"[43]

Reynolds did not raise his *Rehaif* challenge to the indictment and his guilty plea on direct appeal, but he argues that his claims are not procedurally defaulted because he can show both cause and prejudice.[44]  Even if Reynolds can demonstrate that the legal basis for his challenge was not reasonably available in light of the broad consensus among the circuit courts before *Rehaif* to establish cause,[45] he cannot establish actual prejudice because the files and records of

---

[40] 28 U.S.C. § 2255(a).

[41] *Bousley v. United States*, 523 U.S. 614, 622 (9th Cir. 1998) (citations omitted).

[42] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[43] *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)) (alteration in original).

[44] ECF No. 280 at 9–20.

[45] *See Reed*, 468 U.S. at 17 (noting that cause exists if a Supreme Court decision "overturn[s] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved") (quotation omitted).

the case overwhelmingly show that he knew that he had been convicted of a crime punishable by a term of imprisonment of more than one year.

### A.  Reynolds cannot show prejudice.

By the date that Reynolds was alleged to have unlawfully possessed this firearm, he had racked up five felony sentences: (a) two years in custody for felony robbery, (b) three years imprisonment for being a felon in possession of a firearm, (c) six years imprisonment for fleeing from a pursuing officer, (d) one year imprisonment for avoiding a stop required on an officer's signal, and (e) one year imprisonment for carrying a concealed weapon without a permit.[46]  This evidence renders it implausible that Reynolds did not know at the time of this offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and forecloses his actual-prejudice arguments.[47]  Indeed, even if his other four felony convictions somehow left him unaware of his status, the three-year sentence he received *for being a felon* in possession of a firearm after pleading guilty to that charge in 2001 certainly removed all doubt.[48] Though he argues that "a post-hoc review of the evidence" is inappropriate where he hasn't raised a sufficiency-of-the-evidence claim and is otherwise irrelevant in inquiry about an

---

[46] Presentence Report (PSR) at 13–20.

[47] *See, e.g.*, *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (finding that defendant is not entitled to relief under *Rehaif* where he stipulated at trial that he was a convicted felon and cannot show a reasonable probability that the outcome of proceedings would have been different); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020) (finding "no probability that, but for the error, the outcome of the proceeding would have been different" with the *Rehaif* element due to the defendant's history of felony convictions for which he "spent more than nine years in prison" before his felon-in-possession charge).

[48] PSR at 15.

1    indictment's sufficiency,[49] Reynolds must still show "actual prejudice" to excuse his default.[50]

2    And, as numerous other courts have similarly concluded in § 2255 challenges based on *Rehaif*,[51]

3    Reynolds can't do so with a criminal record and sentencing history like his.

4    **B.    The omitted element doesn't constitute structural error.**

5         Reynolds also suggests that the *Rehaif* error is a structural error that satisfies the

6    prejudice requirement to overcome his procedural default.[52]   Structural errors "go to the

7    framework within which judicial proceedings are conducted, they 'infect the entire trial process'

8    and accordingly require 'automatic reversal of the conviction.'"[53]   The Supreme Court has noted

9    that "structural errors are a very limited class of errors that affect the framework within which

10   the trial proceeds, such that it is often difficult to asses[s] the effect of the error."[54]   They include

11   deprivation of counsel, lack of an impartial trial judge, violation of the rights to self-

12   representation at trial and a public trial, and an erroneous reasonable-doubt instruction.[55]

13

---

14   [49] ECF No. 280 at 23.

15   [50] *United States v. Frady*, 456 U.S. 152, 168 (1982) ("In applying this dual standard to the case before us, we find it unnecessary to determine whether [the § 2255 petitioner] has shown cause, because we are confident he suffered no actual prejudice . . . .").

16   [51] *See, e.g.*, *Whitley v. United States*, No. 04 CR. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) ("[A]ny argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith . . . , Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020); *Waring v. United States*, No. 17 CR. 50 (RMB), 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020); *Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020).

21   [52] ECF No. 271 at 10, 16; ECF No. 280 at 13–14.   *See United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011) (noting that structural errors can satisfy the prejudice showing).

22   [53] *McKinney v. Ryan*, 813 F.3d 798, 821 (9th Cir. 2015) (en banc).

23   [54] *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations and quotations omitted).

[55] *Id.*

10

The Ninth Circuit has not decided whether the *Rehaif* issue is structural.  Other circuit courts are split on the issue: the Fourth Circuit has held that it is a structural error; while the Fifth, Seventh, and Tenth Circuits hold that it is not.[56]  I am not persuaded that the *Rehaif* error amounts to structural error for three reasons.  First, the Supreme Court held in *Neder v. United States* that a district judge's failure to instruct the jury on an offense element did not amount to structural error.[57]  Second, in *Rehaif* itself, the Supreme Court remanded for harmless-error review rather than reversing the conviction outright.[58]  And finally, the Ninth Circuit held in *United States v. Benamor* that a *Rehaif* error did not affect the substantial rights of a defendant who had been previously sentenced to terms of imprisonment greater than one year.  Each of these cases suggest that Reynolds's conviction does not require automatic reversal.  Because the absence of the mens rea element was not a structural error that excuses his procedural default,[59] I deny Reynolds's *Rehaif* claims.

---

[56] *Compare United States v. Gary*, 954 F.3d 194, 205–06 (4th Cir. 2020) ("Further, we find that the district court's error is structural because the deprivation of Gary's autonomy interest under the Fifth Amendment due process clause has consequences that 'are necessarily unquantifiable and indeterminate,' . . . rendering the impact of the district court's error simply too difficult to measure.") (internal citation omitted), *with Lavalais*, 960 F.3d at 187–88 ("Indeed, the Fourth Circuit gets the analysis exactly backwards.  If the effects of *Rehaif* error are too hard to measure, it's because it's almost always harmless—because convicted felons typically know they're convicted felons."); *United States v. Maez*, 960 F.3d 949, 958 (7th Cir. 2020) ("Binding precedent in this circuit holds that [indictment errors] are not [structural].");  *United States v. Trujillo*, 960 F.3d 1196, 1205 (10th Cir. 2020) ("Accordingly, none of Defendant's cited authority persuades us that the district court's failure to advise him of the knowledge-of-status element constitutes structural error.").

[57] *Neder v. United States*, 527 U.S. 1, 25 (1999).

[58] *Rehaif*, 139 S. Ct. at 2200.

[59] *Benamor*, 937 F.3d at 1189.

11

**Conclusion**

IT IS THEREFORE ORDERED that Reynolds's motion to vacate under 28 U.S.C. § 2255 **[ECF No. 271] is DENIED**.  And because reasonable jurists would not find this determination debatable, wrong, or deserving of encouragement to proceed further,[60] **I decline to issue a certificate of appealability.**

Dated: September 2, 2020

_____

U.S. District Judge Jennifer A. Dorsey

---

[60] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).